UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM MICHAEL KRAL,<br><br>        Plaintiff,<br><br>  v.<br><br>BENTON COUNTY,<br><br>        Defendant. | NO.  CV-09-5014-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,** *INTER ALIA* |

Before the Court is Defendant's Motion for Partial Summary Judgment, seeking judgment as a matter of law on Plaintiff's claims against Benton County District Court and under the Washington Law Against Discrimination (WLAD). The motion was filed on August 4, 2009, making Plaintiff's response due eleven calendar days later. On September 18, 2009, Plaintiff filed a Motion to Continue (Ct. Rec. 19), seeking a brief extension of time to respond. Defendant opposed the extension, but the Court granted the motion on September 29, 2009, and directed Plaintiff to file a response on or before October 8, 2009 (Ct. Rec. 25). Plaintiff filed nothing until October 28, 2009, when he filed his response and a declaration. Counsel declares that he could not file the brief on time because he could not access ECF, but he did email a copy to defense counsel. The declaration cites dates in September, but it appears counsel intends to refer to October. Counsel received a new ECF login and password on October 18, 2009, but does not explain why he failed to file anything until October 28, 2009.

On October 2, 2009, Defendant filed a motion to compel discovery, arguing that Plaintiff has not responded to discovery and has not made himself available for

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,** *INTER ALIA* \* 1

a deposition. Plaintiff has not responded to this motion.

## I. FACTS

According to Defendant's filings, no discovery has yet been conducted in this case. For the purposes of its motion for summary judgment, Defendant assumes as true the allegations in the Complaint. Plaintiff has not disputed any of the facts in Defendant's Statement of Material Facts (Ct. Rec. 13). According to that document, Plaintiff (who is deaf) was arrested and booked in Benton County in December 2005 for driving under the influence. He was incarcerated until June 2006, and for one day in September 2006. The Complaint alleges that on numerous occasions during his incarceration, corrections officers in the Benton County Jail failed to provide interpreters, refused to allow Plaintiff to use the "TYY" (a text telephone), and refused to turn on the closed-captioning on the jailhouse television (Ct. Rec. 1, Complaint, ¶¶ 6-92). The Complaint also alleges that the Benton County District Court failed to provide a qualified interpreter for Plaintiff on several occasions (*Id.*, ¶¶ 93-102). The Complaint asserts that these actions violated the Americans with Disabilities Act (ADA), the Rehabilitation Act, and the WLAD.

## II. STANDARD OF REVIEW

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to (2) any material fact and that (3) the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "material fact" is determined by the substantive law regarding the legal elements of a claim. *Id.* at 248. If a fact will affect the outcome of the litigation and requires a trial to resolve

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,** *INTER ALIA* \* 2

the parties' differing versions of the truth, then it is material. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby,* 477 U.S. at 248.

The moving party has the burden of showing the absence of a genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). In accord with Rules of Civil Procedure 56(e), a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but... must set forth specific facts showing that there is a genuine issue for trial." *Id.* Summary judgment is appropriate only when the facts are fully developed and the issues clearly presented. *Anderson v. American Auto. Ass'n*, 454 F.2d 1240, 1242 (9th Cir. 1972). "Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Where an opposing party fails to respond to a motion for summary judgment, "summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. Pro. 56(e)(2). Under Local Rule 7.1(h)(5), the Court may consider Plaintiff's failures to file timely responses to Defendant's motions as consent to the entry of adverse orders.

III. DISCUSSION

As an initial matter, the Court finds that Plaintiff's numerous failures to file timely responses are unacceptable and would easily merit a sanction. Plaintiff is cautioned that any future failings to comply with the discovery schedule or any other deadlines will not be excused lightly.

A. DEFENDANT'S MOTION TO COMPEL

Defendant asserts that it served Plaintiff with a set of interrogatories and

requests for production on August 12, 2009, and that Plaintiff has yet to respond. The deadline to do was September 14, 2009. Defense counsel relates her numerous unsuccessful attempts to contact Plaintiff, and also points out that Plaintiff's initial disclosures were two months late.

Fed. R. Civ. Pro. 37 allows the Court to compel discovery required by Fed. R. Civ. Pro. 26. Plaintiff has utterly failed to comply with Rule 26, and has not even responded to this motion. Therefore, the Court grants the motion to compel. The discovery cutoff, dispositive motion deadline, trial date, and other deadlines are extended as set forth below. Plaintiff is directed to make himself available for deposition no later than one week before the discovery cutoff. Plaintiff is directed to respond to Defendant's interrogatories and requests for production no later than one week from the date of this Order.

### B. PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE

Plaintiff's response was initially due August 17, 2009. Plaintiff took no action of any kind for another month, then sought an extension. The Court granted the extension over objection, but Plaintiff again failed to respond on time. The only reason Plaintiff provides is that he could not access ECF, despite the fact that he had filed documents in ECF less than a month earlier. Plaintiff does not even attempt to justify his failure to file the response until ten days after he regained access to ECF. Given this string of failures, denying Plaintiff's motion would be well within the Court's discretion. However, because this is a dispositive motion, and because Defendant acknowledges receiving the response brief via email on October 8, 2009, the Court will grant the motion and consider Plaintiff's response.

### C. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant seeks judgment on Plaintiff's claims related to his court appearances (i.e., that Defendant failed to provide interpreters for Plaintiff's court proceedings or provided incompetent interpreters) and his claims under the WLAD. Defendant advances four arguments in support: (1) Plaintiff's claims

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,** *INTER ALIA* * 4

related to the court appearances are barred by judicial immunity; (2) Plaintiff has already raised his claims related to the court appearances in his state appeal, so this Court lacks jurisdiction; (3) Plaintiff's WLAD claims should be dismissed because neither the criminal court nor the county jail are places of public accommodation; and (4) Plaintiff's WLAD claims should be dismissed because he failed to comply with the claim filing statute.

### *1. Judicial Immunity*

Plaintiff's Complaint alleges that on nine occasions, the "Benton County District Court" either failed to provide an interpreter or failed to provide a qualified interpreter (Ct. Rec. 1, ¶¶ 93-101). The Complaint also alleges that "a Benton County District Court Judge denied Plaintiff's motion to dismiss for violation of Plaintiff's right to a speedy trial and for lack of qualified interpreter" (*Id.*, ¶ 102). The Complaint asserts that these actions violated the ADA, Rehabilitation Act, and WLAD.

Judges are immune from liability "for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Defendant argues that the decision whether to appoint a sign language interpreter is a discretionary judicial decision that is protected by absolute judicial immunity. *See* RCW 2.42.110 – 130 (assigning authority for appointing a sign language interpreter to an "appointing authority," defined as the presiding officer of a court); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (holding that a state-court judge who denied a hearing-impaired litigant's request for videotext display was shielded by judicial immunity). *Duvall* also declined to apply the defense of judicial immunity to a district court administrator because material questions of fact remained as to whether the administrator's acts were judicial in nature under the following factors:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,** *INTER ALIA* * 5

*Id.* (quoting *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999)).

Plaintiff first argues that he does not seek damages but rather a declaratory judgment, to which the doctrine of judicial immunity does not apply. However, Plaintiff's first prayer for relief is "for damages in an amount to be proven at trial" (Ct. Rec. 1, p. 18). Moreover, any claim for declaratory relief would be moot and meaningless at this stage. Plaintiff also argues that judicial immunity does not apply because no judge has been sued, and because "the record indicates that it was a clerk or other county employee, not a Judge, who was responsible for finding an interpreter for Mr. Kral" (Ct. Rec. 36, p., 3, lns. 11-13). Plaintiff fails to cite anything in the record in support of this statement, fails to proffer any evidence in opposition to summary judgment, and fails to contest any of the facts in Defendant's Statement of Material Facts in Support of Motion for Summary Judgment (Ct. Rec. 13). That document establishes that in each of Plaintiff's court appearances, it was a district court judge who heard and resolved Plaintiff's objections regarding the appointment and qualifications of a sign language interpreter (*Id.*, ¶¶ 3-24). Therefore, based on these uncontested facts, it seems that the doctrine of judicial immunity bars Plaintiff's claims. The Court grants Defendant's motion on this basis.

### *2. Federal Jurisdiction*

Defendant argues that under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to hear Plaintiff's challenges to the district court's actions. Under that doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Defendant asserts that Plaintiff has appealed his conviction to Benton County Superior Court, challenging the District Court's alleged failure to provide qualified interpreters (Ct. Rec. 13, ¶ 26). Plaintiff does not even respond to this argument, much less contest Defendant's statement of facts. Therefore, the Court grants Defendant's motion on this basis as well.

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,** *INTER ALIA* \* 6

*3. Whether the District Court and County Jail are "Places of Public Accommodation"*

The WLAD prohibits discrimination based on disability "in any place of public resort, accommodation, assemblage, or amusement." RCW 49.60.215. This phrase is defined at length in RCW 49.60.040(2), which does not include any specific mention of a courthouse or a jail. Rather, Washington courts have held that places of public accommodation include such locations as "restaurants, parks and public resorts, movie theaters, a weight control clinic, and barbershops." *Fell v. Spokane Transit Authority*, 128 Wash. 2d 618, 638 n. 24 (1996) (internal citations omitted). Defendants argue that RCW 49.60.215 is analogous to Title III of the ADA, which applies to public accommodations, while there is no analogue in Washington law to Title II of the ADA, which applies to services. Defendant notes that Plaintiff asserts no claims under Title III, and that Plaintiff's allegations of failures to accommodate are effectively claims regarding services. Therefore, because the WLAD does not apply to services, Defendant argues that the Court should dismiss Plaintiff's WLAD claims.

Plaintiff argues that the analogy to Title III of the ADA is faulty, but fails to cite any cases holding that courthouses and jails (or any comparable facilities) are places of public accommodation under the WLAD. Rather, Plaintiff argues that the Court should look to case law interpreting Title II of the ADA, which holds that § 12132 of the Act (providing that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity") applies to state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 209-210 (1998).

Plaintiff's first cause of action alleges violations of Title II, while his third cause of action alleges violations of the WLAD specifically for the failure to accommodate. At this stage, Defendant has not sought judgment on Plaintiff's first

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,** *INTER ALIA* * 7

cause of action, only his third. Accordingly, to prevail on that claim, Plaintiff must show that the facilities in question are places of public accommodation. His only argument to that effect is that the WLAD should "be liberally construed" (Ct. Rec. 36, p. 5). The Court finds that extending RCW 49.60.215 to courthouses and jails would be a significant and wholly unsupported leap from the types of facilities identified in the case law to date. Therefore, the Court grants Defendant's motion on this basis as well.

### *4. Claim Filing Requirements*

Claims for damages filed against a local government entity are subject to detailed filing requirements set forth in RCW 4.96.020. Defendant notes that strict compliance with the procedural requirements of this statute is required. *Burnett v. Tacoma City Light*, 124 Wash. App. 550, 558 (2004). Defendant claims that Plaintiff failed to comply with two requirements: verifying his claims by certifying them under penalty of perjury, and properly serving the County's designated agent. Plaintiff argues that the verification requirement no longer applies (citing *Gates v. Port of Kalama*, 215 P.3d 983 (Wash. Ct. App. 2009)), and that his attorney reasonably relied on the representation of an unnamed agent of the Benton County Auditor's office as to the proper method of service. Defendant replies that *Gates* is not binding on this Court and is contrary to the weight of authority, and that equitable estoppel is not a defense to a plaintiff's failure to follow claim filing procedures (citing *Hardesty v. Stenchever*, 82 Wash. App. 253, 258-59 (1996)).

Regardless of the effect of *Gates*, Defendant is correct at least with respect to Plaintiff's failure to properly serve the County's agent. The facts are clear that Plaintiff failed to do so, and the law is clear that equitable estoppel is not a valid defense. Therefore, the Court grants Defendant's motion on this basis as well.

### CONCLUSION

The Court grants Plaintiff's motion for leave to file a response, and grants Defendant's motion for partial summary judgment on all four grounds. The Court

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,** *INTER ALIA* * 8

also grants Defendant's motion to compel. The scheduling order is modified as set forth below.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Summary Judgment (Ct. Rec. 11) is **GRANTED**.

2. Defendant's Motion to Compel Discovery (Ct. Rec. 29) and Motion to Expedite Hearing thereupon (Ct. Rec. 26) are **GRANTED.**

3. Plaintiff's Motion for Leave to File Response to Summary Judgment (Ct. Rec. 38) is **GRANTED.**

The Court's Scheduling Order (Ct. Rec. 10) is modified as follows:

4. All discovery shall be completed on or before **December 4, 2009**. The parties shall file no discovery except as necessary to support motions. Counsel may contact the court telephonically to obtain an expedited ruling on discovery questions if they wish to avoid the time and expense of a written motion.

Plaintiff is directed to make himself available for deposition no later than one week before the discovery cutoff. Plaintiff is directed to respond to Defendant's interrogatories and requests for production no later than one week from the date of this Order.

5. All dispositive motions shall be filed and served on or before **February 11, 2010**. As with all motions filed in this case, dispositive motions shall comply with the page limits set forth in Local Rule 7.1(h). Dispositive motions shall be noted for hearing at least fifty (50) days after the date of filing. Contrary to Local Rule, the Response shall be filed 21 days after the filing of the dispositive motion. The Reply is due 10 days after the filing of the Response. Motions for which expedited consideration is requested must be accompanied by a written request setting forth in detail the reasons for an expedited hearing.

6. Exhibit lists and witness lists shall be filed and served, and exhibits made available for inspection (or copies provided), on or before **March 23, 2010.** The

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,** *INTER ALIA* * 9

witness list shall include identification of each witness's testimony. Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial.

Objections to such lists and any accompanying briefs shall be filed and served on or before **April 2, 2010.** Objections shall be heard at the pretrial conference. Copies of the exhibits to which there are objections shall be provided to the Court on or before **April 2, 2010.**

In accordance with Local Rule 83.1(g), each party shall bring to trial and any other hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit. It is recommended that these photocopies be organized into separate binders.

7. All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions *in limine* to be filed and served on or before **April 2, 2010.** Responses shall be filed and served on or before **April 12, 2010.** Such motions will be addressed and resolved at the pretrial conference.

Challenges to the admissibility of expert opinion testimony shall be made by motion *in limine* and shall be heard at the pretrial conference. If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its motion *in limine*. The party shall describe the nature of the evidence to be presented and provide an estimate of the amount of time required for the hearing.

8. Designation of substantive, as opposed to impeachment, deposition testimony shall be by highlighting and shall be served on or before **March 23, 2010.** Cross-designations by highlighting in a different color shall be served on or before **April 5, 2010.** Objections to any designated deposition testimony shall be

filed and served on or before **April 15, 2010**, and shall be heard and resolved at the pretrial conference. Copies of designations to which there are objections shall be provided to the Court on or before **April 15, 2010.**

    9. A joint Pretrial Order, prepared in accordance with the format provided in Local Rule 16(b), shall be filed on or before **April 12, 2010**, and a copy e-mailed to the Court at *whaleyorders@waed.uscourts.gov*.

    The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

    10. A telephonic pretrial conference will be held on **May 7, 2010, at 9:30 a.m.** At the time scheduled for the pretrial conference, the parties shall call the Court's conference line at (509) 458-6380. The parties should advise the Court if they believe that an in-person pretrial conference would be appropriate.

    11. Trial briefs shall be filed and served on or before **April 29, 2010**.

    12. The **non-jury** trial shall commence on **May 24, 2010**, at 8:30 a.m., in **Richland**, Washington.

    **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

    **DATED** this 10th day of November, 2009.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2009\Kral\grant.sj.ord.wpd

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,** *INTER ALIA* * 11